## The Hudson River Rail Road Company *vs.* Lounsberry & Betts.

The plaintiffs, who were common carriers, brought to the city of New York, and had in their possession, 43 barrels of whisky belonging to P. and consigned to D. G. & Co. Subsequently, in delivering to the defendants a quantity of whisky, upon an order from H. T. & Co., the plaintiffs by mistake, delivered to them the 43 barrels belonging to P. On discovering the mistake, the plaintiffs demanded a return of the whisky, or payment of its value, which was refused. They then paid to D. G. & Co., as agents of P., the value of the property, and took their receipt, and again demanded the whisky, or payment, of the defendants, and on refusal, brought this action to recover the value of the whisky. D. being examined as a witness by the plaintiffs, L., one of the defendants, was offered as a witness for the defendants, under § 399 of the code.

*Held*, that whether the action were considered an action of *tort*, for the conversion of the whisky, or an action on an implied contract, for its value, it was, in either aspect, maintainable.

*Held also*, that the plaintiffs could not be deemed the assignees of a thing in action. That the subject of the controversy was not a thing in action; and D. not having been examined as an assignor of a thing in action, but as the agent of the parties who had sold the property to the plaintiffs, L. had no right to be examined as a witness.

APPEAL from a judgment entered upon the report of a referee. The complaint alleged that the plaintiffs were common carriers and a corporation under the laws of this state, and that the defendants were copartners in business in the city of New York, under the name and firm of John S. Lounsberry & Co. That during the months of January and February, 1854, the plaintiffs, as such common carriers, brought to the city of New York certain large quantities of whisky in barrels, of different manufactures and marks or brands, and among others, certain barrels for Dows, Guiteau & Co., and certain others for Hearsey, Tower & Co., and others for other parties, respectively, all of the city of New York. That on or about the 12th day of January, 1854, the plaintiffs received an order from the said Hearsey, Tower & Co. for the delivery to the defendants of certain quantities of whisky consigned to them, the said Hearsey, Tower & Co., and that the plaintiffs did thereupon deliver to the defendants a large quantity of

whisky, believing the same, at the time, to be the property of the said Hearsey, Tower & Co. That immediately after the delivery of said whisky to the defendants, the plaintiffs discovered that, by mistake, they had delivered to them certain forty-three barrels of whisky which were the property of the said Dows, Guiteau & Co., of the value of $800. That thereupon the plaintiffs demanded of the defendants a return of the said forty-three barrels of whisky so delivered to them by mistake; but the defendants wholly refused, and still refuse, to return the same, or to pay the value thereof, or any portion of the same. That on or about the 14th day of April, 1854, the said Dows, Guiteau & Co., for a good and valuable consideration, sold, assigned and transferred to the plaintiffs in this action the said forty-three barrels of whisky, and all their right, interest and claim in, to and for the same, and every part thereof. Wherefore the plaintiffs demanded judgment against the defendants for the sum of $800, besides interest and costs.

The answer put in issue most of the allegations in the complaint. The referee, to whom the cause was referred, found the following facts: That the plaintiffs, during the month of January, 1854, were common carriers of goods for hire, and as such carriers brought to the city of New York and had possession of forty-three barrels of whisky, the property of E. Pettibone, and consigned by him to Dows, Guiteau & Co., commission merchants in the city. That the plaintiffs, on or about the said 12th day of January, received an order from Hearsey, Tower & Co. to deliver to the defendants a certain large quantity of whisky, and thereupon the plaintiffs, in attempting to comply with the said order, delivered the before mentioned forty-three barrels of whisky to the defendants, by mistake, believing the same to be the property of Hearsey, Tower & Co. That the defendants were then copartners in business, under the firm of J. S. Lounsberry & Co. That upon discovering that the whisky so delivered was not the property of Hearsey, Tower & Co., and very soon after the mistake occurred, the plaintiffs demanded from the defendants the return of said whisky or payment of its value, but the defendants refused to comply with

Hudson River R. R. Co. *v.* Lounsberry.

such demand; that the plaintiffs afterwards, and on or about the 2d day of February, 1854, paid to Dows, Guiteau & Co., as agents of E. Pettibone, the sum of $750.05, which was then the value of the whisky, and took their receipt, and thereupon again applied to the defendants and required either the whisky or payment of its value, and the defendants again refused to comply ·with the demand. The referee also found that the defendants never paid for said whisky, and that they had wrongfully converted it to their own use. And that, as a conclusion of law, the plaintiffs were entitled to recover from the defendants the said sum of $757.05, with interest. On the hearing before the referee, Mr. Dows, of the firm of Dows, Guiteau & Co. was examined as a witness for the plaintiffs. The counsel for the defendants offered the defendant John S. Lounsberry as a witness, and claimed the right to examine him, under § 399 of the code, on the ground that Dows, who had been examined on the other side, was the assignor of the cause of action. The referee rejected the witness, as inadmissible.

*John E. Burrill*, for the appellants.

*T. M. North*, for the plaintiffs.

*By the Court*, CLERKE, J. If this may be considered an action of *tort*, for the conversion of the whisky, I think that the referee was justified in finding for the plaintiffs. The possession of the property by the defendants, and their refusal or neglect to deliver it, after demand, were sufficiently proved. The plaintiffs having been deprived, involuntarily, of the possession, no matter in what way, are, even as qualified owners, entitled to the restoration of the property, or to its value.

If, on the other hand, this may be considered an action for the value of the property, on an implied contract, the complaint and the evidence are sufficient to sustain it. The plaintiffs, on the 2d of February, 1854, became the purchasers of the whisky from the consignees, and afterwards demanded the return of it, or payment for it, three or four times. As the absolute own-

ers, then, they were entitled to what they demanded, and are consequently entitled to maintain an action for its value. The only objection to this view of the subject is, that the plaintiffs assumed the ground that there was a conversion, and sue as for a *tort;* but I see nothing in the pleadings or the evidence positively committing or concluding the plaintiffs on this point. I think judgment can be rendered in their favor in either aspect of the case.

It is plain that the plaintiffs cannot be deemed the assignees of a thing in action. Their claim can only be sustained, as I have intimated, on the ground that they were either the qualified or absolute owners of tangible personal property. The defendant Lounsberry, therefore, had no right to be examined as a witness, under § 399 of the code. The subject of the controversy was not a thing in action, and Mr. Dows, consequently, was not examined as an assignor of a thing in action, but as the agent of the parties, who had sold the property to the plaintiffs.

Judgment affirmed with costs.

[NEW YORK GENERAL TERM, November 2, 1857. *Mitchell, Clerke* and *Peabody,* Justices.]